Booth, Judge,
delivered the opinion of the court:
The plaintiff relies for a judgment in this case upon a breach of contract by the Government. The facts, plain and indisputable, disclose a situation where the plaintiff, *113 though badly treated, is obviously without recourse under the law.
The plaintiff purchased under two contracts certain garbage from Camp Greene, N. C., and Camp Wadsworth, S. C. The Camp Greene contract extended from July 1, 1918, to June 30, 1919, and the other from January 30, 1919, to March 25, 1919. The terms of both contracts were substantially alike, and each provided for cancellation. The garbage which the plaintiff was to receive was classified according to contents; and that which the plaintiff was to have, as well as what the Government had an option to retain, was specified. The complaint of the plaintiff centers exclusively around the fact that under the contracts he was to receive all the garbage of the specified classifications, to be delivered to him by the Government at certain transfer points fixed by the commanding officer of the camp, and this is precisely what the contract provided. In so far as a nonobservance of this covenant is involved the case is free from difficulty. It was not carried out. Large quantities of gar--bage which the plaintiff should have had were diverted, some of it stolen, and much of it sold to other parties. The plaintiff had established at approved points outside the camps extensive pigsties, purchased a number of hogs, and was fully equipped to fatten the same upon the garbage he expected to receive. As a result of his inability to get the full quantity of garbage from the camp the undertaking proved financially disastrous. Repeated complaints were made to the responsible officials, but all to no avail. Among other impediments which in a case of this nature the plaintiff can not remove, two stand out conspicuously. First, by section 15 of the contract the Government absolved itself from any liability under a guaranty as to the quantity of garbage the plaintiff might obtain, and secondly, the case is such that no accurate basis of loss is ascertainable. The plaintiff prefers an insistence which we are unable to follow. It involves conjecture and manifold uncertainties and is far too hypothetical to justify its adoption as a basis for a money judgment. When the contract is considered in the *114 light of the circumstances and situation existing at the time of its execution it clearly imports a shifting condition of affairs. Men in large numbers were being trained for the war; no definite number would be in camp continuously, and hence the Government was careful not to guarantee a definite quantity of garbage. The plaintiff was aware of this situation and accepted the hazard. Again, the plaintiff continued to accept and pay for such quantities of garbage as were delivered to him. True, he complained, but throughout the contract he transported it away from the camps and fed it to his swine. Manifestly the Government was not interested in the method chosen by the plaintiff to dispose of the garbage so long as the method adopted was sanitary and not injurious to the public health. The plaintiff was under no obligations to continue the performance of his contracts and thus prolong and increase his loss. The Government sold and the plaintiff purchased the garbage. The plaintiff did not receive all the garbage he should have received. The quantity of the deficit is ascertainable only on a hypothetical basis; i. e., as to each soldier quartered in the camps so much garbage would ensue.
The proof adduced to sustain the theory is far too uncertain, too remote, depends upon the deductions of inferences conjectural in their nature and incapable of reduction to the degree of certainty required in order to award damages, the direct and proximate results of the injury complained of. So it is with relation to the other aspect of the case. We can not indulge a speculation as to what might have happened if the contract had been observed in all its provisions. The process of fattening hogs affords no safe criterion in this respect. The absence of any reliable basis upon which to predicate a judgment forces us to dismiss the petition. It is so ordered.
Ghaham, Judge; Hat, Judge; DowNev, Judge; and Campbell, Ohief Justice, concur.